IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| CHARLES WINGLER, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-12-3439 |
| FIDELITY INVESTMENTS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Charles Wingler, Personal Representative of the Estate of Charlene Wingler, sued Fidelity Management Trust Company ("Fidelity") in the Circuit Court for Carroll County, Maryland for payment of benefits under two employee benefit plans. On November 21, 2012, Fidelity removed the action to this Court. Pending is Fidelity's motion to dismiss, and Wingler's motion for leave to file a surreply. For the following reasons, Fidelity's motion to dismiss will be granted. Wingler's motion for leave to file a surreply will be denied.

I.   Background[1]

   A.   Factual Background

Charlene Wingler, now deceased, had a 401(k) retirement plan and 403(b) savings plan through her employment with the Catholic Health Initiatives ("CHI") during her lifetime. *See* ECF No. 1 ¶ 1; ECF No. 1, Exs. B, C. The benefit plans are governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[2] ECF No. 1, Exs. B, C. The plan beneficiary was the Estate of Charlene Wingler. ECF No. 1 ¶ 3. The personal representative of Charlene Wingler's estate is Charles Wingler. ECF No. 1. The benefits were distributed to Stephanie Wilking, who was the previous personal representative of the estate. *Id.* ¶ 4.

   B.   401(k) Plan

The 401(k) Plan is the "Catholic Health Initiatives 401(k) Plan." ECF No. 1, Ex. C; ECF No. 22-3 (hereinafter "the 401(k) Plan"). The 401(k) Plan designates "CHI Retirement Plans Subcommittee or any other entity appointed by the Catholic Health Initiatives Board of Stewardship Trustees as its

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] 29 U.S.C. §§ 1001, *et seq.*

designee," as the Administrator of the plan. *Id.* § 1.01(c). The 401(k) Plan provides that the Administrator is the "named fiduciary" with "the powers and responsibilities with respect to the management and operation of the Plan." *Id.* § 19.04. The Administrator "has the full power and the full responsibility to administer the Plan." *Id.* § 19.01.

The "Fidelity Management Trust Company" is designated as the Trustee. *Id.* § 1.03. The 401(k) Plan provides for the powers of the Trustee such that "The Trustee shall have no discretion or authority with respect to the investment of the Trust Fund but shall act solely as a directed trustee of the funds contributed to it," and the Trustee exercises its powers "solely as a directed trustee in accordance with the written direction of the Employer." *Id.* § 20.04. The Trustee "shall make such distributions from the Trust Fund as the Employer or Administrator may direct." *Id.* § 20.07.

C.   403(b) Plan

The 403(b) Plan is the "Catholic Health Initiatives (ERISA) Employee Savings Plan." ECF No. 1, Ex. B; ECF No. 22-4 (hereinafter "the 403(b) Plan"). The Plan Administrator is defined as "the Catholic Health Initiatives Retirement Plans Subcommittee, or any other entity appointed by the CHI Board of Stewardship Trustees, from time to time, to act as the Plan Administrator." *Id.* § 1.77 at BPD-6. The 403(b) Plan

3

designates "Fidelity Investments" as the Vendor. *Id.* § 32 at AA-11. A Vendor is "the Custodian or entity holding the Plan assets or the provider of any Funding Vehicle holding all or part of the Participant's Account." *Id.* § 1.106 at BPD-8.

The "powers and duties" of the Plan Administrator include "direct[ing] the Vendor regarding the crediting and distribution of a Funding Vehicle." *Id.* § 7.02(c) at BPD-20. With regards to the distribution of benefits upon the death of a Participant, the 403(b) Plan states:

> In the event of the Participant's death (whether the death occurs before or after Severance from Employment), *the Plan Administrator*, subject to the requirements of Sections 6.02 or to a beneficiary's written election, *must direct the Vendor to distribute or commence distribution of the deceased Participant's Vested Account Balance*, as soon as administratively practicable following the date on which the Plan Administrator receives notification of, or otherwise confirms, the Participant's death.

*Id.* § 6.01(a) at BPD-16. The 403(b) Plan also designates "the Catholic Health Initiatives Retirement Plan Subcommittee or any other entity appointed by the Catholic Health Initiatives Board of Stewardship Trustees as its designee, from time to time" as the "Named Fiduciary of the Plan." *Id.* § 7.01(g) at BPD-20. "The Named Fiduciary has sole responsibility for the management and control of the Plan." *Id.*

4

D. Procedural History

On October 19, 2012, Wingler sued Fidelity in the Circuit Court for Carroll County, Maryland to recover the benefits distributed from the 401(k) Plan and the 403(b) Plan. ECF No. 2; ECF No. 1.[3] On November 21, 2012, Fidelity removed the action to this Court. ECF No. 2. On March 1, 2013, Fidelity moved to dismiss the complaint. ECF No. 22. On March 8, 2013, Wingler opposed the motion. ECF No. 23. On March 22, 2013, Fidelity replied. ECF No. 24. On April 17, 2013, Wingler moved for leave to file a surreply. ECF No. 27. On April 23, 2013, Fidelity opposed the motion. ECF No. 30.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

---

[3] Wingler identified the Defendant in the Complaint as "Fidelity Investments, a subsidiary of Fidelity Investments Institution Services Company, Inc." ECF No. 2. Fidelity Investments is the trade name of a group of companies, including Fidelity Management Trust Company which performs the services for the plans at issue. *See* ECF No. 22-1 at 6 n.1.

5

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.   Fidelity's Motion to Dismiss

Fidelity asserts that Wingler's ERISA claim for benefits must be dismissed because Fidelity has no decision-making authority, and therefore is not a proper party defendant. ECF No. 22-1 at 1. Under ERISA § 502(a), "a participant or beneficiary" may sue "to recover benefits due him under the terms of the plan." 29 U.S.C. § 1132(a)(1). The proper defendants in an ERISA benefits action are the benefit plan and the entity with discretionary decision-making authority.[4]

The Catholic Health Initiatives Retirement Plans Subcommittee, (hereinafter the "CHI Subcommittee"), is the Administrator and Named Fiduciary of the 401(k) Plan and the 403(b) Plan. *See* 401(k) Plan §§ 1.01(c), 19.04; 403(b) Plan §§ 1.77 at BPD-6, 7.01(g) at BPD-20. The CHI Subcommittee has the sole power and responsibility to manage and control the plans.

---

[4] *See, e.g., Gluth v. Wal-Mart Stores, Inc.*, No. 96-1307, 1997 WL 368625, at *6 (4th Cir. July 3, 1997) (the plan's trust, as a funding mechanism for the plan with no control over its administration, is not a proper defendant in an ERISA benefits action); *Trotter v. Kennedy Krieger Inst., Inc.*, No. 11-3422-JKB, 2012 WL 3638778 (D. Md. August 22, 2012) ("The law in this District is clear that the only proper party defendant to an ERISA action for benefits is the entity which holds the discretionary decision-making authority over the denial of ERISA benefits.") (internal quotation marks omitted); *Valderrama v. Honeywell TSI Aerospace Servs.*, No. RWT-09-CV-2114, 2010 WL 2802132, at *6 (D. Md. July 14, 2010) ("A suit to recover ERISA benefits may be brought only against the plan, the plan administrator, or a plan fiduciary."); *Ankney v. Metro. Life Ins.*, 438 F. Supp. 2d 566, 574 (D. Md. 2006) (proper defendant is the entity with discretionary decision-making authority over the denial of benefits).

*See* 401(k) Plan §§ 19.01, 19.04; 403(b) Plan § 7.01(g) at BPD-20. As the Trustee of the 401(k) Plan, Fidelity acts "solely as a directed trustee," and makes distributions at the direction of the CHI Subcommittee. *See* 401(k) Plan §§ 20.04, 20.07. As the Vender of the 403(b) Plan, Fidelity makes distributions of benefits at the direction of the CHI Subcommittee. *See* 403(b) Plan § 6.01(a) at BPD-16. Fidelity is not an entity with discretionary decision-making authority in either plan, and instead acts at the direction of the administrator and fiduciary of each plan, the CHI Subcommittee. Accordingly, Fidelity is not a proper defendant.

In an effort to salvage his ERISA benefits claim against Fidelity, Wingler alleges for the first time in his Opposition that the plan "was administered by Catholic Charities in name only but was actually administered and all of the benefits paid to maintained by and otherwise dealt with by the defendant Fidelity in its capacity as fiduciary." ECF No. 23 at 1. Wingler also alleges in his Opposition that the improper payment of benefits by Fidelity makes it an entity with discretionary decision-making authority over the denial of ERISA benefits. *See id.* at 3. However, Wingler is bound by the allegations contained in his complaint, and he cannot amend his complaint

through his opposition brief.[5] Additionally, contrary to the new allegations in Wingler's Opposition, the provisions of both plans demonstrate that Fidelity is not a fiduciary or a plan administrator. See 401(k) Plan §§ 1.01(c), 19.04; 403(b) Plan §§ 1.77 at BPD-6, 7.01(g) at BPD-20. Because Fidelity is not a proper defendant for Wingler's claim for ERISA benefits, the claim will be dismissed.[6]

C.   Wingler's Motion for Leave to File a Surreply

Wingler seeks to file a surreply because "[u]pon reviewing and contemplating the content of the defendant's response," he "determined that a further reply . . . was appropriate." ECF No. 27-1. Fidelity argues that it raised no new matters in its reply. ECF No. 30 at 2.

Unless otherwise ordered by the Court, a party generally may not file a surreply. Local Rule 105.2(a). Leave to file a surreply may be granted when the movant otherwise would be

---

[5] See Butts v. Encore Mktg. Int'l, No. PJM-10-3244, 2012 WL 3257595, at *5 (D. Md. August 7, 2012) (quoting Zachair, Ltd. v. Driggs, 965 F. Supp. 741, 748 n.4 (D. Md. 1997)) (internal quotation marks omitted).

[6] Fidelity also argues that, to the extent Wingler alleges a claim for breach of fiduciary duty under ERISA, the claim is unauthorized because ERISA § 502(a) provides an exclusive remedy for a claim for benefits. See ECF No. 22-1 at 14. Wingler apparently concedes this argument because he did not refute it in his opposition to the motion to dismiss. See, e.g., Grinage v. Mylan Pharm., Inc., 840 F. Supp. 862, 867 n.2 (D. Md. 2011) (plaintiff abandoned a claim when her response in opposition failed to address the defendant's challenge to that claim in its motion to dismiss).

9

unable to contest matters presented for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

In its motion to dismiss, Fidelity argued that Wingler's claim should be dismissed because Fidelity is not a proper defendant, and Wingler cannot assert a claim for breach of fiduciary duties. ECF No. 22 at 1. Fidelity's reply does not raise new legal arguments. The reply responded to Wingler's arguments that Fidelity is a proper defendant, distinguished the cases cited by Wingler, addressed why the Court should disregard any new allegations in Wingler's opposition, and argued that any discussion of the merits in Wingler's opposition should also be disregarded. *See* ECF No. 24; ECF No. 30 at 3. Wingler's proposed surreply reiterates the arguments made in his opposition and improperly addresses the merits of his claim. *See* ECF No. 27 at 1-2. The motion for leave to file a surreply will be denied.

III. Conclusion

For the reasons stated above, Fidelity's motion to dismiss will be granted. Wingler's motion for leave to file a surreply will be denied.

_12/2/13_
Date

_/s/ William D. Quarles_
William D. Quarles, Jr.
United States District Judge

10